*BRADEN vs. LOUISIANA STATE INSURANCE COMPANY.*

Where the agent effects insurance on account of his principal, and the policy contains a clause, that in the event of loss, payment is to be made to the agent, the promise must be understood to be made in his representative character, and not in his own right.

A debt due by the agent, cannot be offered in compensation of that which is owing by the principal.

APPEAL from the court of the first district.

This suit was brought on a policy of insurance, to recover from the defendants one thousand six hundred and six dollars and thirty-four cents, being the adjusted loss on a quantity of cotton, damaged by the perils insured against.

The policy was effected by Fisher, Burke & Watson, on account of the plaintiff, who was owner of the cotton. The only question in the case, arose on a clause in the policy to this effect. "In the event of loss, payment to be made to Fisher, Burke & Watson." The defence set up was, that the payment was to be made to the agents, and that these agents were indebted to the defendants in a larger sum than that claimed in the petition.

*Eustis* for appellant.
*Morse* for appellee.

PORTER, J. delivered the opinion of the court. The petition alleges, "that on the 20th day of April, 1829, the defendants subscribed a policy of insurance for the sum of four thousand eight hundred dollars, on a quantity of cotton, the property of the plaintiff, on a voyage from Elk river to the port of New-Orleans, which policy was subscribed on the application of Fisher, Burke & Watson, the agents and factors of the petitioners."

The contract states that, "Fisher, Burke & Watson, on account of P. H. Braden, doth make insurance, and cause to be insured, &c. &c."

At the close of the instrument, the following clause is inserted: "In case of loss, the amount to be paid to Fisher, Burke & Watson."

The property shipped, having sustained loss by the perils insured against, to the amount of one thousand six hundred and six dollars and thirty-four cents, this action is brought to recover from the defendants that sum. They resist it on the ground, that the payment was to be made to the agents, and that these agents are indebted to the defendants in a larger amount than that claimed by the petitioner.

BRADEN
vs.
Lou. S. Ins. Co.

Where the a-
gent effects in-
surance on ac-
count of his prin-
cipal, and the po-
licy contains a
clause that, in
the event of loss,
payment is to be
made to the a-
gent, the promise
must be under-
stood to be
made in his
representative
character, and
not in his own
right.

A debt due by
the agent cannot
be offered in
compensation of
that which is
owing to the
principal.

The court below refused to sanction this defence, and gave judgment for the plaintiff, deducting the amount of the premium, and policy of insurance. The defendant appealed.

We think, with the court below, that the promise to pay Fisher, Burke & Watson, in case of loss, must be understood to have been made to them in their representative charac- ter, and not in their own right. It cannot be presumed it was the intention of the parties, the plaintiff should bear all the burthen of the contract, and not enjoy any of its benefits. Considered in this light, the authority of the agents to receive the money, might be revok- ed at any time before payment, and the pay- ment has not yet been made. A debt due by the agent, cannot be offered in compensation of that which is owing to the principal.

This view of the subject renders it unneces- sary to enquire, whether an agent can in any case, where he contracts as such, insert in the agreement stipulations in his own favor, in relation to the matter which forms the ob- ject of his agency. We have considerable doubts of it. It is somewhat difficult to un- derstand, how he can by a contract acquire a right for another, and in virtue of his having

done so, stipulate that such a right shall inure to his own benefit. In doing so, he does not act as agent, for a man cannot at one and the same time, be agent and principal. The intervention, either of the person whose rights he acquired, or some other representing him, would seem necessary to the validity of such a contract. But it is unnecessary to pronounce a positive opinion on this point.

There was no novation of the debt due for the premium, and the court below decided correctly in deducting it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.