WICKLIFFE J. SPAULDING, trustee, *vs.* GEORGE D. MORSE.

Suffolk.　　November 3, 1947. — December 8, 1947.

Present: QUA, C.J., DOLAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Trust,* Express trust: construction. *Contract,* Construction, For support. *Marriage and Divorce,* Separation agreement. *Equity Jurisdiction,* Specific performance, Declaratory relief. *Declaratory Judgment.*

Under a contract between divorced persons and a trustee giving the custody of such persons' ten year old son to his mother and providing for his maintenance and education by requiring his father to make periodic payments to the trustee in a certain amount until the son should enter an institution of higher education than high school and in a larger amount thereafter during the period of the higher education, the father was excused from making the stated payments to the trustee during a period while the son was serving in the armed forces of the United States after having completed his "high school grades" and before entering any institution of higher education.

If a certain suit in equity were treated as for specific performance of a contract requiring a father to make periodic payments to a trustee for the maintenance and education of his minor son, the final decree therein was erroneous in making an order for payments which were not

due at the time of its entry and which might or might not ever become due depending on future contingencies; if the suit were regarded as for declaratory relief as to future rights to such payments, a proper exercise of discretion required the declination of a declaration.

BILL IN EQUITY, filed in the Superior Court on November 29, 1946.

The suit was heard by *Sullivan*, J., by whose order the final decree described in the opinion was entered on April 10, 1947.

*E. C. Jacobs*, for the defendant.

*N. M. Hussey*, for the plaintiff.

DOLAN, J. By this bill in equity the plaintiff, as he is succeeding trustee under an instrument in writing entered into by the defendant and Ruth D. Morse with one Baldwin, as original trustee, seeks to enforce the provisions made therein for the maintenance and education of Richard, the minor son of said Ruth D. Morse and the defendant.

The case was heard by the judge upon a statement of agreed facts which incorporated therein a copy of the trust instrument. Its pertinent provisions will be recited hereinafter. The other agreed facts are that "the . . . [plaintiff] is the succeeding trustee in accordance with the terms of said agreement. That the . . . [defendant] has paid the . . . [plaintiff] and his predecessor, C. Harold Baldwin, one hundred dollars ($100) per month in accordance with the terms of said agreement up to February 1, 1946, and that he ceased making payments at that time. That Richard D. Morse, the beneficiary under said agreement, completed his high school grades on February 5, 1946, and he was inducted into the United States Army on February 6, 1946, and has been continuously in the service and that he has not yet entered any college, university or higher institution of learning." The statement of agreed facts concludes thus: "The sole question before the court is whether or not the . . . [defendant] is excused from performance under the agreement while the beneficiary is in the armed services of the United States." After hearing, the judge in findings and order for decree found the facts to be as set forth in the statement of agreed facts and in

accordance with his order for decree a final decree was entered: "1. That the . . . [defendant] pay to the . . . [plaintiff] forthwith the sum of fifteen hundred dollars ($1,500). 2. That the . . . [defendant] pay to the . . . [plaintiff], beginning May 1, 1947, the sum of one hundred dollars ($100) per month until such time, if any, as the beneficiary enters college, and, thereupon, and for a period not to exceed four (4) years thereafter, to pay the sum of twenty-two hundred dollars ($2,200) per year to the . . . [plaintiff] payable in monthly payments."

The trust agreement was executed on July 30, 1937. It appears from its recitals that the defendant and Ruth D. Morse were married on March 26, 1921; that on June 14, 1932, Mrs. Morse obtained a decree of divorce from the defendant in the Second Judicial District Court of the State of Nevada, in which decree provision was made for the "care, custody, maintenance and support" of their two children, Merilyn Morse, born July 25, 1923, and Richard D. Morse, born October 11, 1927; and that disputes had arisen between the defendant and Mrs. Morse, as a result of which they entered into the agreement in question with the trustee named. Provision was made in the instrument for a lump sum payment to be made by the defendant to Mrs. Morse in certain instalments as alimony, and it was agreed therein that the defendant should have the custody of the daughter Merilyn.

The question before us for determination is concerned solely with the provisions made therein for the custody, maintenance, and education of the son Richard. The trust instrument provided that his mother was to have the care and custody of Richard, "unlimited so far as any interference with the same by the said George D. Morse is concerned, and the said George D. Morse shall have the right to visit Richard at all reasonable times and places, and the said Ruth D. Morse shall not be restricted in the care and custody of her son Richard, and may take him for any period and keep him at any place within the continental limits of the United States. The said George D. Morse shall and will pay to the said trustee in trust for his said

minor son Richard the sum of twelve hundred dollars ($1,200) per year, payable in equal monthly instalments on the first day of each month until the entrance of Richard D. Morse into some college, university or higher institution of learning beyond the completion of the high school grades, and thereupon, instead of said payments amounting to twelve hundred dollars ($1,200) yearly, he shall and will then pay to the trustee payments in the sum of twenty-two hundred dollars ($2,200) per year for a period of said higher education but not more than four years, upon such instalments, in amounts and at times as is required by the trustee to meet the general provisions of this paragraph. The said trustee shall turn over said trust payments to the said Ruth D. Morse or to such guardian or legal representative of the said Richard D. Morse as may be appointed, to be applied by her or the trustee upon or toward the maintenance and education and benefit of said Richard, so long as she shall maintain and educate said Richard to the satisfaction of the said trustee,'' and that ''This agreement is intended to supersede in so far as the provisions herein contained are concerned, provisions made for the benefit of Ruth D. Morse, said minor children Merilyn and Richard Morse in a decree of divorce in the Second Judicial District Court of the State of Nevada in and for the County of Washoe dated June 14, 1932, so far as it is lawful and competent on the part of the parties so to do . . . .'' The defendant's appeal from the decree entered by the judge brings the case before us.

''Every instrument in writing is to be interpreted, with a view to the material circumstances of the parties at the time of the execution, in the light of the pertinent facts within their knowledge and in such manner as to give effect to the main end designed to be accomplished. . . . [The] instrument is to be so construed as to give effect to the intent of the . . . [parties] as manifested by the words used illumined by all the attendant factors, unless inconsistent with some positive rule of law or repugnant to other terms of the instrument. An omission to express an intention cannot be supplied by conjecture. But if the instrument as a whole

produces a conviction that a particular result was fixedly desired although not expressed by formal words, that defect may be supplied by implication and the underlying intention . . . may be effectuated, provided it is sufficiently declared by the entire instrument." *Dittemore* v. *Dickey*, 249 Mass. 95, 104–105. *Greene* v. *Boston Safe Deposit & Trust Co.* 255 Mass. 519, 524. *Malaguti* v. *Rosen*, 262 Mass. 555, 560. *Clark* v. *State Street Trust Co.* 270 Mass. 140, 151–152. *Lovell* v. *Commonwealth Thread Co. Inc.* 272 Mass. 138, 140–141. *Boston Molasses Co.* v. *Molasses Distributors Corp.* 274 Mass. 589, 594. *Radio Corp. of America* v. *Raytheon Manuf. Co.* 300 Mass. 113, 117, and cases cited. *Central Trust Co.* v. *Rudnick*, 310 Mass. 239, 244.

Examining the instrument before us, guided by the settled rule of interpretation set forth above, it is manifest that the main purpose of the parents of Richard was to arrive at an agreement for his maintenance and education and to provide security therefor. At the time of the execution of the agreement he was almost ten years of age. His custody had already been awarded to his mother by the decree of divorce of the Nevada court, concerning the validity of which no question is raised. This being so, it is a fair inference that in so far as Richard was concerned his maintenance and education were the main purposes sought to be accomplished by the trust agreement, the parties to the agreement having in mind his age and recognizing the necessity of his being supported during the years to come, and of his being properly educated in a manner appropriate to the defendant's financial ability and station in life. The instrument specifically provided that the payments to be made by the defendant to the trustee for Richard's benefit should "be applied by . . . [his mother] or the trustee upon or toward the maintenance and education and benefit of said Richard, so long as she shall maintain and educate said Richard to the satisfaction of the said trustee." But, as appears by the agreed facts and the record, the education of Richard was interrupted by the second World War and his induction into the armed forces of the United States on February 6, 1946, the day following the completion of

his high school grades on February 5, 1946. Since then he had been continuously, and at the time of the hearing and order for decree in the court below was, in the service of the armed forces of the nation. Thus he was actually under the command of his superior officers in that service, his maintenance was provided for during the period here involved by the government, and he was not in the actual custody of his mother and was not a student in any higher institution of learning. Thus neither of the main objects for which the defendant had bound himself to provide existed within the meaning of the trust instrument during the period for which the plaintiff claims payment. In these circumstances we are of opinion that the proper construction of the trust instrument is that the defendant is not required under its terms to perform provisions for the maintenance and education of Richard while he was or is in the armed service of the United States.

While in the statement of agreed facts it was stated that the issue just above disposed of was the sole question "before the . . . [trial judge]," the decree entered by him on April 10, 1947, as appears above, also ordered the defendant to pay to the plaintiff $100 on May 1, 1947, and each month thereafter until Richard enters college, and thereupon and for a period not to exceed four years to pay to the plaintiff the sum of $2,200 per year in monthly payments. Treating the bill as one for specific performance, and the plaintiff so deals with it in argument, the judge was without authority to order payments which were not then due (*Whitney* v. *Whitney*, 316 Mass. 367, 370, and cases cited), and which were predicated on future contingencies. If the prayers of the bill be regarded as sufficient to constitute a bill for a declaratory judgment not only as to present but also as to future rights, we are of opinion that the judge in the exercise of his discretion should have declined to make a declaration as to possible future rights under the trust. *National Shawmut Bank* v. *Morey*, 320 Mass. 492, 497–498, and cases cited. *Young* v. *Jackson*, 321 Mass. 1. *Burn* v. *McAllister*, 321 Mass. 660, 662. Compare *Hogan* v. *Hogan*, 320 Mass. 658, 662–663.

It follows from what we have said that the decree entered by the judge must be reversed and that instead a final decree must be entered after rescript dismissing the bill with costs of the appeal.

*So ordered.*