LYNNE A. BERNARD *vs*. CAMERON AND COLBY CO. INC.

Suffolk. February 5, 1986. — April 15, 1986.

Present: LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Contract,* Employment, Construction of contract, Emotional distress. *Actionable Tort. Emotional Distress. Tobacco Smoke.*

An employer was entitled to summary judgment on its employee's claim that the employer had breached an implied term in her contract of employment requiring it to provide her with a work environment free of tobacco smoke, where the materials before the judge, which indicated merely that the plaintiff had informed her employer of her allergy to tobacco smoke and that the employer had, for a time, provided her with a private office, contained nothing tending to show that the employer had ever assented to such an implied term. [321-323]

A plaintiff who alleged that her employer owed her a common law duty to provide her with a working environment free of tobacco smoke was precluded, following allowance of the employer's motion for summary judgment, from making on appeal the contention that tobacco smoke emanating from coworkers creates a generally unsafe working condition, where her allegations before the judge were limited to the problems she personally experienced with such smoke. [323]

A plaintiff who had not alleged any physical injury resulting from the presence of tobacco smoke at her workplace stated no claim for recovery against her employer on the basis it had negligently caused her to suffer emotional distress through its failure to provide her with a smoke-free working environment; nor, in the circumstances, was the employer's alleged conduct so egregious as to support a claim for intentional infliction of emotional distress. [323-324]

CIVIL ACTION commenced in the Superior Court Department on January 11, 1982.

The case was heard by *William H. Carey,* J., on a motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Edward Greer* (*Edward L. Sweda, Jr.,* with him) for the plaintiff.

*John F. Kehoe* (*Gregory P. Hancock* with him) for the defendant.

*J. Cleve Livingston & Laurie E. Kermish,* for Conservation Law Foundation of New England, Inc., amicus curiae, submitted a brief.

LYNCH, J. The plaintiff, Lynne A. Bernard, appeals from a summary judgment of the Superior Court. On January 11, 1982, the plaintiff filed a complaint against the defendant, Cameron and Colby Co. Inc., alleging that the defendant violated the terms of its contract with her, and inflicted emotional distress upon her. She sought damages in the amount of $56,152.64 and an order of reinstatement in her original position in a smoke-free work area. The plaintiff specifically claimed that she is allergic to tobacco smoke; that the defendant (for whom she worked as an independent contractor) provided her with a smoke-free work environment until March, 1981; and that the defendant, knowing of her allergy, assigned her to a work area in which smoking was permitted. The defendant counterclaimed for breach of contract when the plaintiff left her work assignment without notice. On June 7, 1984, the defendant filed a motion for partial summary judgment, which was allowed. Final judgment was entered after the defendant's counterclaim was dismissed without prejudice. The plaintiff appealed, and we transferred the case to this court on our own motion.[1] We affirm the judgment of the Superior Court.

1. *Contract claims.* The employment contract between the parties has no express provision requiring the defendant to provide a smoke-free environment. Thus, the plaintiff must show that is a requirement of the contract which is implied. "Every instrument in writing is to be interpreted, with a view to the material circumstances of the parties *at the time of the execution,* in light of the pertinent facts within their knowledge and in such manner as to give effect to the main end designed to

---

[1] We acknowledge the amicus curiae brief filed by Conservation Law Foundation of New England, Inc.

be accomplished. . . . [The] instrument is to be so construed as to give effect to the intent of the . . . [parties] as manifested by the words used illumined by all the attendant factors, unless inconsistent with some positive rule of law or repugnant to other terms of the instrument. An omission to express an intention cannot be supplied by conjecture. But if the instrument as a whole produces a conviction that a particular result was fixedly desired although not expressed by formal words, that defect may be supplied by implication and the underlying intention . . . may be effectuated, provided it is sufficiently declared by the entire instrument." (Emphasis added.) *Dittemore* v. *Dickey,* 249 Mass. 95, 104-105 (1924). See *Spaulding* v. *Morse,* 322 Mass. 149, 152-153 (1947), and cases cited. Compare *LiDonni, Inc.* v. *Hart,* 355 Mass. 580, 583 (1969).

The undisputed material facts before the motion judge demonstrated that there was no such implied term. The plaintiff relies on the fact that the résumé she submitted to the defendant disclosed that she left one job because she had an allergy to tobacco smoke and dust, and that an allergist's letter was available upon request; upon the fact that she had a "Thank You For Not Smoking" sign on her desk before and at the time her contract with the defendant was executed; and upon the fact that up until the time she was moved to a larger work area where smoking was permitted, she was in a smoke-free work environment, specifically, a private office. All other facts related to events occurring after the contract was formed, and hence are not relevant.

These allegations are not sufficient to show that under her contract of employment the plaintiff was entitled to be provided with a smoke-free environment. There was nothing before the judge which would tend to show *assent* to such a term. The most that these allegations show, drawing inferences most favorable to the plaintiff, was that the plaintiff does not desire to work in a smoking environment, that in fact she was provided with a smoke-free environment for a time, and that the defendant knew of this preference. However, the plaintiff did not show that her preference was raised at the time the contract was entered into or implicitly agreed to by the defendant. Mere

knowledge of her preference is not tantamount to mutual assent. The plaintiff failed to provide sufficient evidence that the implied term she seeks was "fixedly desired" by both parties.

2. *Tort claims.*

a. *Duty to provide smoke-free work environment.* The plaintiff argues here that the defendant owed her a duty to provide a smoke-free work environment because the defendant had a common law duty to provide a safe workplace and a duty to protect persons lawfully on its premises from harm which, in the exercise of ordinary care, one can anticipate and prevent.[2] See *Longever* v. *Revere Copper & Brass Inc.,* 381 Mass. 221, 223-224 (1980); *Mounsey* v. *Ellard,* 363 Mass. 693, 707 (1973); *Marra* v. *Botta Corp.,* 356 Mass. 569, 572 (1970). Her complaint, however, sounds in contract and infliction of emotional distress. Neither in her complaint nor in her affidavit does she allege that tobacco smoke emanating from coworkers creates an unsafe working condition. All that was before the judge was the plaintiff's allegation that she *personally* experienced problems with such smoke. She cannot for the first time on appeal rely on a theory of recovery not fairly raised either in her complaint or affidavit. In essence, the plaintiff asks us to take judicial notice of the general hazards of such second-hand smoke, when she did not raise that issue before the motion judge. We are aware of no case in this Commonwealth where we have reversed a summary judgment on the basis of either a theory of recovery or judicial notice of facts not called to the attention of the motion judge. We decline to do so here.

b. *Emotional distress.* The plaintiff makes no allegation that she was physically injured, and therefore she cannot recover for the negligent infliction of emotional distress. *Payton* v. *Abbott Labs,* 386 Mass. 540, 547 (1982). Neither does she make a claim of intentional infliction of emotional distress. Even if her complaint could be construed as containing a claim of intentional infliction of emotional distress, her affidavit

---

[2] The plaintiff argues, in her brief, that public policy and justice warrant the implication at law of a contract term providing a smoke-free workplace. Since the claims in tort raise the same issues in this case, there is no need to treat these contract claims separately.

makes it clear that her only complaint is that she was required to work in one part of a room of 1,100 square feet where smoking by two coworkers in another part of the room was permitted. This is clearly not conduct which is so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and as to be regarded as atrocious and utterly intolerable in a civilized community. Her affidavit is therefore insufficient to support a claim for intentional infliction of emotional distress. See *Richey* v. *American Automobile Ass'n, Inc.,* 380 Mass. 835, 838-839 (1980). See also *Simon* v. *Solomon,* 385 Mass. 91, 97-98 (1982).

*Judgment affirmed.*