The plaintiffs’ complaint is in six counts (three against each defendant) for negligence, breach of warranty and unfair practices in violation of G. L. c. 93A. The defendants filed a Dist./Mun. Cts. R. Civ. P., Rule 56 motion for summary judgment on the grounds that the complaint counts charging negligence and breach of warranty were barred by the applicable three-year statute of limitations.[3] The trial court allowed the defendants’ summaryjudgment motion, and the plaintiffs thereafter brought this appeal to challenge the court’s Rule 56 ruling.
The procedural history of this case relevantto statute of limitations considerations may be summarized as follows: The plaintiffs’ cause of action arose on May 23, 1984, the date on which the Sherwin-Williams can of paint was purchased by the plaintiffs at K-Mart, and then exploded as the plaintiffs were entering their h orne. The plaintiffs’ complaint was initially forwarded by certified mail to the Peabody District Court and was date-stamped as received by the Clerk-Magistrate on May 13, 1987. Enclosed with the complaint was a check for $31.00 which represented the correct $25.00 entry fee for an individual complaint, plus a surcharge and other costs not here relevant. The Peabody Clerk’s office assigned a docket number to the plaintiffs’ complaint which signified that such pleading had been accepted for filing on May 13,1987.
This docket number was, however, subsequently stricken, and the plaintiffs’ complaint was returned to counsel with the Clerk’s notation that an entry fee of $50.00 (plus surcharge) was required because there were two complainants. Plaintiffs’ counsel received this mailing on May 15,1987. On the same day, plaintiffs’ counsel returned the complaint, the original check and an additional in the amount of $25.00 to the Peabody Clerk. This return was made, however, by regular rather than certified or registered mail. As a result, the only date which has been established relative to the remailing of the complaint with the additional fee is June 11,1987, when the plaintiffs’ complaint and fees *59 were date-stamped, docketed and filed by the Peabody Clerk.
1. Causes of action for negligence and breach of warranty are governed by the three year statutes of limitations set forth, respectively, in G. L. c. 260, § 2A and G. L. c. 106, § 2-318. As the plaintiffs’ cause of action arose on May 23,1984, the plaintiffs were obviously required to institute suit on or before May' 23, 1987. The plaintiffs’ second filing of their complaint with the increased entry fee was not docketed until June 11,1987, and was thus barred by the statute of limitations. The principal issue raised by the defendants’ summaryjudgment motion is, therefore, whether the plaintiffs’ initial filing on May 13,1987, prior to the expiration of the statutory limitations period, constituted an effective commencement of this action.
At the trial court hearing on the defendants’ summaryjudgment motion and in their briefs to this Division, both parties confined their arguments to the limited question of whether the plaintiffs’ submission of a complaint on May 13, 1987 was alone sufficient, irrespective of the presence or absence of an entryfee, to effect a commencement of the action on that date. The plaintiffs contended that the essence of bringing suit is the filing of a complaint, and that the payment of an entryfee and the clerk’s docketing of the same are ancillary matters which should not affect the plaintiffs’ clear intent to enter the matter in court.[4] The trial court properly disposed of the narrow issue framed by the parties by effectively ruling that the mere filing of a complaint does not constitute the legal commencement of an action. Rule 3 of the Dist./Mun. Cts. R. Civ. P. clearly states:
A civil action is commenced by (1) mailing to the Clerk of the proper court by certified or registered mail a complaint and an entry fee prescribed by law, or (2) filing such complaint and an entryfee with such Clerk [emphasis added].
An action is properly commenced, therefore, only when both a complaint and the entryfee “prescribed by law” are filed. Finkel v. Natale Rota, Inc., 19 Mass. App. Ct. 55, 56 n. 2 (1984).
2. Implicit in both the trial court’s Rule 56 ruling and the parties’ initial arguments was the assumption that the original $25.00 entryfee paid by the plaintiffs was inadequate, and that the proper entryfee was the $50.00 sum subsequently demanded by the clerk. The amount of the entryfee was the sole basis for the clerk’s rejection of the plaintiffs’ initial filing,[5] and it is unclear why this obvious issue of the correct filing fee was never addressed to the trial court. In any event, the plaintiffs advanced for the first time in oral arguments before this Division the contention that the single entry feeof $25.00 proferred with their complaint on May 13,1987 in fact constituted the requisite “entry fee prescribed bylaw,” and that, accordingly, their filing on May 13,1987 was a proper and timely commencement of suit on that date. We proceed to a *60 consideration of this issue.[6]
The correct fee for the entry of an individual civil action in 1987 was $26.00. G.L. c. 262, § 2. The fee required when two or more plaintiffs are named in a complaint is prescribed by the following provision of Dist./Mun. Cts. R. Civ. P., Rule 20(a):
In any action in which persons not asserting any right to recover jointly join as plaintiffs, and in which the relief sought is not wholly equitable, the entryfee shall be an amount equal to the aggregate of the entry fees which would have been required hád separate actions been brought.[7]
Pursuant to Rule 20(a), multiple entry fees are properly charged when two or more plaintiffs file suit, unless the plaintiffs assert a right to recover jointly. The plaintiffs in this case did not expressly declare or explicitly assert in their complaint any right to a joint recovery. However, the absence of such a direct declaration did not automatically require a multiple entryfee in this case. The reason is that Rule 20(a) does not specify the manner in which a joint recovery assertion must be made. Although the better practice under Rule 20(a) is to include an express and affirmative declaration that multiple plaintiffs are pursuing a right to recover jointly, the single entryfee requirements of the rule may be reasonably deemed satisfied if the claims for relief set forth in a complaint in fact constitute a demand for only a single joint recovery. This practical construction of Rule 20(a) eliminates the elevation of form over .substance, and effectuates the rule’s intent to accord a single filing fee status to multiple plaintiffs who actually seek a joint recovery.
An examination of the substance of the complaint in this case establishes that the plaintiffs sought a joint recovery only. The interests of the two named plaintiffs are in fact identical. The plaintiffs are referred to as individuals only by way of introduction in the complaint, and thereafter are never referred to separately, the designation of plaintiff never appears in the singular person. The complaint alleges the plaintiffs’ joint purchase of the Sherwin-Williams can of paint for personal and family use; consequent property damage from *61 the exploded can to “their home;” and a resulting singular monetary loss sustained by them. Viewing the complaint in its entirety, it is clear that the plaintiffs were “persons asserting... a right to recover jointly.”
3. We are, therefore, satisfied that the single filing fee of $26.00 originally submitted by the plaintiffs on May 13,1987 was, pursuant to Rule 20(b), the proper “entry fee prescribed by law” for the commencement of this suit. The plaintiffs’ action was thus seasonably brought within the applicable statutory limitations period.
Accordingly, the allowance of the defendants’ Rule 66 motion for partial summary judgment is reversed, and this case is returned to the Peabody Division for trial. The docket is to be amended to reflect the May 13,1987 entry of this action.

 The plaintiffs’ C. 93A claims were subject to a four year statute, G. L. c. 260, § 5A, and were properly filed within the applicable limitations period.

 In advancing this proposition, the plaintiffs have mistakenly relied on federal procedural law which is inapposite to this case. The reason is that the Federal and Massachusetts rules for the commencement of an action differ with respect to the necessity of an entryfee. While Dist./Mun. Cts. R. Civ. P. Rule 3 expressly requires filing both a complaint and entry fee, F.R.C.P. 3 provides: “A civil action is commenced by filing a complaint with the court.” Cf. WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE, Vol.4,Sec.l055(I987). The Federal rule is silent on the question of entry fees.

 The ministerial action of assessing and collecting filing fees, entrusted by statute as a practical matter to trial court clerks, obviously does not constitute the issuance of rulings of law determinative of the rights of the parties or binding upon the court. The present controversy on both trial and appellate court levels could have been avoided if the plaintiffs had sought judicial relief, upon motion, when their May 13,1987 complaint and filing fee were first returned to them. The ultimate determination of that amount which constitutes the “entry fee prescribed bylaw” isa question of lawforthe court.

 Because the plaintiffs failed to address the entry fee question in their original brief to this Court, the defendants have objected to appellate consideration of the question on the grounds that “the Appellate Division need not consider such issues especially when, as in this case, they prove dispositive of an appeal. Bond Bros., Inc. v. Robinson, 393 Mass. 546, 552 (1984), affirming 1983 Mass. App. Div. 280. Moreover, the short answer to the defendants’ objections is that we have requested, received and considered supplemental briefs from both parties relative to the question of entry fees. See Dist./Mun. Cts. R. Civ. P., Rule 64(f): “Supplemental briefs maybe filed with the Appellate Division by its consent or at its request.”
Of greater procedural concern is the plaintiffs’ failure to bring the entryfee issue to the attention of the trial j ustice. It is axiomatic that a party is not entitled as a matter of right to raise, for the first time on appeal, questions or issues not argued in the trial court. We are also familiar váth Bernard v. Cameron & Colby Co., 397 Mass. 320 (1986) in which the Supreme Judicial Court declined to reverse the allowance of the defendant’s summaryjudgment motion on the basis of a new cause of action or theory of recovery not previously raised. In the instant case, however, the question of the applicable entry fee entails no expansion or novel interpretation of the basic facts. The issue is one of law involving the construction of the governing procedural rule. The relevance of the issue is obvious, and its dispositive effect on the defendants’ rule 56 motion should have been clear to both parties. For these reasons, we have concluded that consideration of the entryfee question works no unfairness on the defendants and does not impair orderly appellate procedure. It must be noted that this limited departure from customary appellate practice is warranted by, and thus restricted to, the particular circumstances and equities of this case.

 Rule 20(a) codifies the practice prevailing in Massachusetts prior to the adoption of the Rules of Civil Procedure. When a writ named two or more plaintiffs, and sought legal rather than equitable relief, the clerk was obligated pursuant to G. L. c. 231, Sec. 4A to collect an entry fee in an amount equal to the total which would have been collected had each plaintiff sued separately. See SMITH & ZOBEL, RULES PRACTICE, Sec. 3.18(6M.P.S. 1978)). In other words, theentryfee prescribed by law equaled the amount of the single entry fee multiplied by the number of named plaintiffs. The rule assumed that each plaintiff could have sued separately and was, in fact, seeking a separate rather than joint recovery. Section 4A of G. L. c. 231 was repealed by St. 1975, c. 377, Sec. 73.