GUILLORY TANK TRUCK
SERVICE, INC.

v.

FIRST HORIZON INSURANCE CO.

Civ. A. No. 88–3260.

United States District Court,
E.D. Louisiana,

Aug. 14, 1989.

Kenry A. King & Karen M. Worthington, Nesser, King & LeBlanc, New Orleans, La., for plaintiff.

Scott E. Silbert, Lombard & Silbert, Metairie, La., for defendant.

OPINION

CHARLES SCHWARTZ, Jr., District Judge.

This matter came before the Court for nonjury trial. Having considered the evidence, the parties' memoranda and the applicable law, the Court rules as follows. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are so adopted.

*Findings of Fact*

Plaintiff Guillory Tank Truck Service, Inc. ["Guillory"] and First Horizon Insurance Company ["Horizon"] have stipulated to the following facts:

At all times material hereto, Horizon provided workers' compensation insurance to Guillory pursuant to Policy No. AE1231. Policy No. AE1231 provided that Guillory retain $50,000.00 in liability for each and every occurrence compensable under said policy.

On or about November 12, 1984, Frances E. Paull, Jr., an employee of Guillory, was injured in the course and scope of his employment. Absent the insolvency of Horizon, Guillory's maximum liability for a compensation claim, such as Mr. Paull's, was $50,000. As a result of the injury sustained by Mr. Paull, Guillory paid, pursuant to the terms of Policy No. AE1231, its retained liability of $50,000.00, which included $47,352.84 in medical expenses and workers' compensation payments to, and on behalf of, Mr. Frances E. Paull, Jr.

After Guillory paid its retained liability of $50,000.00, Horizon, pursuant to Policy No. AE1231, was to pay and did pay all further medical expenses and workers' compensation payments owed to Mr. Frances E. Paull, Jr. as a result of his injury. Thereafter, seeking the recoupment of medical and compensation payments each had paid to, and on behalf of, Mr. Paull, Guillory and Horizon intervened in a suit brought by Mr. Paull against certain third parties and their insurers to recover damages for his injuries.

Guillory's intervention was in the amount of $47,352.84. Horizon's intervention was in the amount of $41,588.89.

During the course of trial, Mr. Paull settled his suit against the third party tortfeasors and their insurers for the sum of $600,000.00. During the course of trial, Horizon settled the interventions of both Guillory and Horizon for a combined total of $60,000.00. Horizon did not obtain nor did it seek to obtain the consent of Guillory prior to compromising the interventions of Guillory and Horizon for the aforesaid amount. Guillory was not notified of the settlement of its intervention by Horizon until after it had occurred and was not advised until some time after the settlement how Horizon intended to allocate the proceeds or the amount that Guillory would receive.

Horizon has received the sum of $60,000.00 representing the proceeds in settlement of Guillory's and Horizon's interventions. Horizon has not directly reimbursed Guillory any monies on account of the recovery realized through the interventions. Horizon has placed $4,065.11 in Guillory's loss fund account to which Guillory does not have access without Horizon's approval. The parties agree that the settlement of the interventions of Guillory and Horizon in the combined total amount of $60,000.00 was not unreasonable, but Guillory maintains that the allocation of $4,065.11 to Guillory out of the $60,000.00 settlement is unreasonable.

The parties' submissions include no stipulation regarding the circumstances of the apparent joint representation of Guillory and Horizon in connection with the intervention. The insurance policy in question is silent on the procedure to follow in pursuing recovery for a policy loss against a third party and on the question of allocation of any amounts thereby recovered.

### Conclusions of Law

This Court has jurisdiction over the subject matter of this case under the Court's diversity jurisdiction as it existed at the time this case was filed. This case does not satisfy the present jurisdictional amount requirements, but such are not retroactive.

Notwithstanding any language in the policy of insurance, an insurer has an overriding obligation and a duty to act reasonably and in good faith when dealing with its insured. It is undisputed that Horizon failed to discuss the settlement of Guillory's intervention and to advise of its proposed allocation of the settlement funds. The Louisiana Supreme Court recognizes the principle "that a liability insurer owes its insured a minimum duty to act in good faith and to deal fairly." *Holtzclaw v. Falco, Inc.*, 355 So.2d 1279, 1284 (La.1977.)

Moreover, Horizon's actions in disposing of both claims without knowledge or permission from Guillory presents a conflict of interest, particularly since Horizon intended to settle the claim in such a manner as to require Guillory to absorb the shortfall. We do not know whether or not, if Guillory had had notice of the proposed settlement, Guillory could have made an even better settlement arrangement (even assuming the arrangement which Horizon negotiated was reasonable). However we do know that because Horizon thus breached its duty to Guillory, Guillory was precluded from taking any action to protect its financial interest. *See Roberie v. Southern Farm Casualty Inc. Co.*, 250 La. 105, 194 So.2d 713 (1967). Horizon must bear the full loss for this breach of duty.

For all the foregoing reasons, Guillory Tank Service is entitled to judgment in its favor against First Horizon Insurance Co. in the amount of $47,352.84 and the Clerk of Court is directed to enter a judgment for such sum.