ROBERTA SCHULTZ *vs.* SUBARU OF AMERICA, INC., & another.[1] May 9,
1990. *Consumer Protection Act*, Attorney's fees. *Practice, Civil*, Consumer
protection case.

The plaintiff purchased a new automobile from the defendants' author-
ized dealer. After experiencing problems with the vehicle, which the dealer
failed to correct, the plaintiff tendered the vehicle to the defendants. The
defendants did not accept the tender, and the plaintiff requested State-
certified "new car" arbitration pursuant to G. L. c. 90, § 7N½ (6) (1988
ed.). After a hearing, an arbitrator directed the defendants to refund the
plaintiff $11,165.78 and to accept the return of her vehicle. The defend-
ants promptly complied with the arbitrator's decision. The plaintiff then
filed in the District Court an action under G. L. c. 93A, § 9 (4) (1988 ed.),
to recover her attorney's fees incurred in connection with the arbitration
proceeding. A judge ruled that "[t]he damages that the Plaintiff seeks are
not recoverable under Massachusetts Law." The plaintiff requested a re-
port to the Appellate Division of the District Court. The Appellate Divi-
sion dismissed the report. The plaintiff appealed, and we transferred the
case here on our own initiative.

Generally, attorney's fees are not recoverable in this Commonwealth
without statutory authorization. *Kohl* v. *Silver Lake Motors, Inc.*, 369
Mass. 795, 801 (1976). The plaintiff's sole argument is that the arbitrator
found that the defendants had violated G. L. c. 90, § 7N½, that § 7N½
(7) provides that such violations are per se unfair or deceptive acts under

[1]Subaru of New England, Inc.

G. L. c. 93A, § 2, and that, therefore, c. 93A, § 9 (4), entitles her to attorney's fees.

Chapter 93A, § 9 (4), provides in relevant part: "If the court finds *in any action commenced hereunder* that there has been a violation of section two, the petitioner shall, in addition to other relief provided for by this section and irrespective of the amount in controversy, be awarded reasonable attorney's fees and costs *incurred in connection with said action*" (emphasis added). By the unambiguous language of the statute, attorney's fees may be recoverable if they were incurred in connection with an action commenced under c. 93A, § 9. The attorney's fees that the plaintiff seeks to recover were incurred in connection with the arbitration pursuant to G. L. c. 90, § 7N½, not in connection with an action under c. 93A, § 9. Therefore, § 9 (4) does not authorize an award of attorney's fees in this case. Since the plaintiff points to no other statute authorizing such an award, and we are aware of none, we affirm the judgment below.

*Judgment affirmed.*

*Osler L. Peterson* for the plaintiff.
*Brian A. Davis* for the defendants.

