**REVISED**

United States Court of Appeals,

Fifth Circuit.

No. 95-30926.

FEDERAL DEPOSIT INSURANCE CORPORATION, in its Corporate Capacity, Plaintiff-Appellant,

v.

Gerald C. BARTON; Gerald G. Rothman; William W. Vaughan; Peter R. Kirwin-Taylor; Gilbert I. Newman; Jack G. Golsen; Norman L. Peck; Bernard Ille; Albert Reichmann; Joe W. Walser, Jr.; and Joseph V. Olree, Defendants-Appellees.

Jan. 16, 1997.

Appeals from the United States District Court for the Eastern District of Louisiana; Stanwood R. Duval, Jr., Judge.

**ON PETITION FOR REHEARING AND SUGGESTION OF REHEARING EN BANC**

(Opinion Sept. 26, 1996, 5th Cir.1996, 96 F.3d 128)

Before REYNALDO G. GARZA, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:

The Petition for Rehearing is DENIED and no member of this panel nor judge in regular active service on the court having requested that the court be polled on Rehearing En Banc (FRAP and Local Rule 35), the Suggestion for Rehearing En Banc is also DENIED.

We write further because of the FDIC's suggestion that our opinion conflicts with an earlier opinion, *Louisiana World Exposition v. Federal Ins. Co.,* 858 F.2d 233 (5th Cir.1988). While we did not discuss or cite this case in our opinion, we did take it into consideration. Contrary to the FDIC's protestations, it is not dispositive of the issues in this case. We found it

unpersuasive for several reasons.

The language in *Louisiana World* to which the FDIC makes reference is dicta. The opinion discussed the question of whether any one of the claims alleged by the plaintiff was sufficient to state cause of action. In addition to a claim for breach of fiduciary duty, there were claims for gross negligence and for mismanagement. These claims were always discussed as one and not apart from each other; the panel was not asked to define the differences between them. This was because a finding on one would be enough for the suit to go forward. In our opinion in this case, however, we undertook a specific examination of the elements of a cause of action for breach of fiduciary duty under Louisiana law.

Our opinion properly applied the relevant case law from our court on this point of Louisiana law. As the opinions in *Gerdes v. Estate of Cush,* 953 F.2d 201 (5th Cir.1992), and *FDIC v. Duffy,* 47 F.3d 146 (5th Cir.1995), show, an allegation of gross negligence is insufficient to make out a claim for breach of fiduciary duty. Because the FDIC did not allege fraud, self-dealing, or other conduct beyond gross negligence in its complaint, it did not make out a claim for breach of fiduciary duty. Accordingly, the one-year prescriptive period applied. Moreover, the opinion in *Louisiana World* had nothing at all to do with the critical question of this case, the proper period of prescription for a claim asserting gross negligence.