Robert C. THOMAS, on behalf of himself and a class of all other similarly situated Fidelity customers,

v.

FIDELITY BROKERAGE SERVICES, INC.

Civil Action No. 96–2540.

United States District Court, W.D. Louisiana, Alexandria Division.

Aug. 1, 1997.

Donald G. Kelly, Kelly Townsend & Thomas, Natchitoches, LA, Randall A. Smith, Smith, Jones & Fawer, New Orleans, LA, Conlee S. Whiteley, Allan Kanner, Allan Kanner & Assoc., New Orleans, LA, for Plaintiffs.

Roy C. Cheatwood, Nancy S. Degan, Phelps & Dunbar, New Orleans, LA, A. Robert Pietrzak, Helene Glotzer, Brown & Wood, New York City, for Defendant.

## RULING

LITTLE, Chief Judge.

For the following reasons, the court GRANTS plaintiff's motion to remand.

## I. BACKGROUND

Plaintiff, Robert C. Thomas, filed suit against Fidelity Brokerage Services, Inc. ("Fidelity") in the Tenth Judicial District Court for the Parish of Natchitoches, Louisiana on 12 October 1996. Thomas, both individually and on behalf of a class of all people similarly situated,[1] alleges breach of fiduciary duty and breach of contract claims arising out of Fidelity's practice of receiving order flow payments from market makers. Without invoking any specific amounts, the complaint asserts that the actual damage to each class member is "very far below" the jurisdictional amount. Vowing not to seek payment of attorney fees and costs from the defendant, the plaintiff states in the complaint that he will press for these fees "out of the class recovery." Plaintiff made no demand for punitive damages.

Fidelity timely removed the action asserting this court's original jurisdiction under 28 U.S.C. § 1332. Plaintiff filed a motion to remand on 2 December 1996, arguing that this court may not exercise diversity jurisdiction over the parties because the defendant has not established that the $50,000 amount in controversy requirement of 28 U.S.C. § 1332(a) has been satisfied.[2] The parties have focused their jurisdictional arguments on the issues of whether, and in what manner, attorney fees may be included in the amount in controversy.

On 25 March 1997, we issued a ruling finding that attorney fees may only be included in the amount in controversy where the underlying cause of action mandates an award to a prevailing party. Based on this determination, we directed the parties to submit supplemental briefs discussing wheth-er the law of Louisiana or of another state controlled the claims in this case and whether the plaintiff would be entitled to attorney fees under the applicable substantive law. Both sides have submitted the additional briefs and we proceed to the resolution of this unusually thorny motion to remand.

## II. STANDARD OF REVIEW

[1] We repeat the applicable standard of review for a motion to remand. When the complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $50,-000.[3] *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993).

The defendant can make this showing in either of two ways: (1) by demonstrating that it is "facially apparent that the plaintiffs' claims are likely above $50,000," or (2) "by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit, that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995) (emphasis in original) (citations omitted). Should a court find that the amount in controversy is not apparent from the face of the complaint, it may order the parties to submit "summary-judgment-type evidence, relevant to the amount in controversy at the time of removal." *Id.* at 1336. *See also id.* at n. 16; Nicole Duarte Martin, *Federal Jurisdiction and Procedure*, 42 Loy. L.Rev. 537, 542 (1996).

To sustain its burden, "[t]he defendant must produce evidence that establishes that the actual amount in controversy exceeds $50,000." *De Aguilar v. Boeing Co.*, 47 F.3d

---

1. In his complaint, plaintiff provides the following description of the putative class:

    all persons, wherever located, (1) who maintain or have maintained brokerage accounts at Fidelity, and (2) for whom Fidelity executed transactions in securities for which Fidelity received payments for order flow from the market makers with whom Fidelity executed these transactions.

    Neither the state court nor this court, however, has certified a class.

2. The parties do not dispute, and the court is satisfied, that there is diversity of citizenship.

3. The "amount in controversy" requirement increased from $50,000 to $75,000, effective 17 January 1997. 28 U.S.C. § 1332(a); Federal Courts Improvement Act of 1996, Pub.L. No. 104–317, 110 Stat. 3847 (Oct. 19, 1996). The requirement, however, is not retroactive. *Guillory Tank Truck Serv. v. First Horizon Ins. Co.*, 731 F.Supp. 744, 745 (E.D.La.1989), *aff'd*, 898 F.2d 152 (5th Cir.1990). Since this case was commenced before the effective date of the change, the amount in controversy must exceed $50,000 to satisfy § 1332(a).

1404, 1412 (5th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995). The defendant may not rely upon conclusory statements, *Allen,* 63 F.3d at 1335, nor upon "a state law that might allow the plaintiff to recover more that what is pled." *De Aguilar,* 47 F.3d at 1412. All facts must be judged at the time of removal. *Allen,* 63 F.3d at 1335.

■ If a defendant satisfies his burden, the plaintiff may still establish that removal is improper by showing that it is "legally certain" that his recovery will not exceed the jurisdictional amount. *De Aguilar,* 47 F.3d at 1412. Plaintiffs may satisfy the legal certainty test by citing a state law that prohibits recovery in excess of the amounts sought in the *ad damnum* clause of the complaint or by filing a binding stipulation or affidavit stating that recovery will not exceed the jurisdictional amount. *Id.*[4]

## III. ANALYSIS

In the current case, the court has already found that the amount in controversy is not apparent on the face of the complaint, that the damages sustained by each member of the putative class may not be aggregated for purposes of satisfying the minimum jurisdictional amount requirement, and that attorney fees may only be included if the underlying claims require such an award. We turn directly to the question of the applicable law and the issue of whether the plaintiff would be entitled to attorney fees under the substantive claims he raises.

### A. *Choice of law*

■ Louisiana rules control the choice of law analysis in this action. La. Civ.Code Ann. art. 3517 (West 1994); *Trautman v. Poor,* 685 So.2d 516, 518 (La.Ct.App.1996). Plaintiff raises two claims, a breach of contract claim and a breach of fiduciary duty claim, and we analyze each separately. *See* La. Civ.Code Ann. art. 3515 comment (d) (West 1994) (describing how Louisiana's choice of law provisions incorporate the theory of dépecage).

### 1. *Breach of contract claim*

■ The contract between the parties contains a choice of law provision which invokes Massachusetts law for the interpretation and enforcement of the contract. We find, and both parties agree, that this contract provision is enforceable and that the breach of contract claim is, therefore, controlled by the law of Massachusetts. La. Civ.Code Ann. art. 3540 (West 1994); *Sentilles Optical Servs., a div. of Senasco, Inc. v. Phillips,* 651 So.2d 395, 398 (La.Ct.App.1995).

### 2. *Breach of fiduciary duty claim*

■ The parties dispute which Louisiana conflict of law rule applies to the analysis of the breach of fiduciary duty claim. The plaintiff asserts that the general rule, contained in article 3515, applies. Arguing that fiduciary duties are quasi-contractual and that the contract's choice of law provision applies to all disputes arising from the contract, the defendant urges the use of articles 3537–3541 which govern disputes involving conventional obligations. To determine which choice of law rule should be utilized to ascertain the applicable law for plaintiff's breach of fiduciary duty, we must first determine that the claim is a true breach of fiduciary duty claim.

The Louisiana Supreme Court has described a fiduciary relationship as follows:

> The dominant characteristic of a fiduciary relationship is the confidence reposed by one in the other and [a person] occupying such a relationship can not further his own interests and enjoy the fruits of an advantage taken of such relationship. He must make a full disclosure of all material facts surrounding the transaction that might affect the decision of his principals.

*Plaquemines Parish Comm'n Council v. Delta Dev. Co., Inc.,* 502 So.2d 1034, 1040 (La. 1987) (quoting *Anderson v. Thacher,* 76 Cal. App.2d 50, 172 P.2d 533, 543 (1946)). Similarly, the Fifth Circuit identified the duty of loyalty that flows from the position of trust

---

4. Such post-removal stipulations, however, are only given effect in limited circumstances where they clarify, rather than reduce, an ambiguous

petition. *See Marcel v. Pool Co.,* 5 F.3d 81, 85 (5th cir.1993).

as the distinguishing feature in a fiduciary relationship. *Gerdes v. Estate of Cush*, 953 F.2d 201, 205 (5th Cir.1992). Thus, to bring a breach of fiduciary duty claim, as opposed to a negligence claim against a fiduciary, a plaintiff must allege "fraud, breach of trust, or an action outside the limits of the fiduciary's authority." *Id.; FDIC v. Barton*, 96 F.3d 128, 133 (5th Cir.1996); *accord Short v. Giffin*, 682 So.2d 249, 253 (La.Ct.App.1996), *writ denied*, 689 So.2d 1372 (1997).

█ The complaint in the current case alleges that Fidelity failed to disclose its receipt of order flow payments and failed to pass on the benefit of these payments to its customers. We find that these allegations go beyond mere negligence to state a claim for breach of fiduciary duty, as contemplated by the Louisiana Supreme Court in *Plaquemines Parish*. Having determined that the claim is a true breach of fiduciary duty claim, we now must determine if this claim may be classified as a dispute about a conventional obligation subject to the conventional obligation choice of law rules.

█ The defendant cites both Massachusetts and Louisiana cases in support of its argument that fiduciary obligations are contractual obligations. After carefully reviewing the Louisiana cases cited,[5] we are unpersuaded that a breach of a fiduciary obligation is governed by the conventional obligation choice of law provisions. The defendant cites cases that describe breach of fiduciary duty claims as contract claims for the purpose of determining the applicable prescription period. The fact that the same prescription provision, article 3499, may apply to both contract claims and breach of fiduciary duty claims does not mean, however, that a breach of fiduciary duty claim is a contract claim.[6]

Defendant has failed to identify and this court has failed to discover authority for the proposition that a breach of fiduciary duty claim is a *per se* breach of contract claim. See *Davis v. Parker*, 58 F.3d 183, 191 & n. 10 (5th Cir.1995) (finding that an action for nullity of a contract due to a breach of fiduciary duty is not necessarily a tort or a contract claim within the meaning of the attorney malpractice statute). Nor, we should add, has Fidelity suggested that the alleged malfeasance was specifically prohibited in the terms of the contract. Thus, we cannot say that Thomas' breach of fiduciary duty claim may be characterized as a breach of contract claim.

We also dismiss the defendant's argument that the choice of law provision in the contract extends to the breach of fiduciary duty claim. The primary rule of contract interpretation provides that

> Every instrument in writing is to be interpreted, with a view to the material circumstances of the parties at the time of the execution, in the light of the pertinent facts within their knowledge and in such manner as to give effect to the main end designated to be accomplished.... [The] instrument is to be so construed as to give effect to the intent of the ... [parties] as manifested by the words used illumined by all the attendant factors, unless inconsistent with some positive rule of law or repugnant to other terms of the instrument. An omission to express an intention cannot be supplied by conjecture.

*Spaulding v. Morse*, 322 Mass. 149, 76 N.E.2d 137, 139 (1947) (quoting *Dittemore v. Dickey*, 249 Mass. 95, 144 N.E. 57, 60 (1924)); *Berkshire Mutual Ins. Co. v. Burbank*, 422 Mass. 659, 664 N.E.2d 1188, 1189 (1996);

---

5. Because Louisiana law governs the choice of law analysis, we fail to see the relevance of Massachusetts cases recognizing fiduciary obligations as contractual obligations.

6. Louisiana courts have struggled with the classification of breach of fiduciary duty claims primarily in the context of prescription. Claims against fiduciaries are sometimes in the nature of delictual actions, and limited to a prescription of one year by article 3492. But the precise claim of breach of fiduciary duty is not specifically provided for in the prescription rules and, there-

fore, is controlled by article 3499, the article applicable to all personal actions not "otherwise provided by legislation." La. Civ.Code arts. 3499; *see also Plaquemines Parish Comm'n Council v. Delta Dev. Co., Inc.*, 502 So.2d 1034, 1054 (La.1987); *Harrison v. Gore*, 660 So.2d 563, 568 (La.Ct.App.), *writ denied*, 664 So.2d 426 (1995). Contract disputes, which are also personal actions, are controlled by article 3499. Although article 3499 is often associated with contract disputes, its application is not limited to such matters.

accord *Boston & Me. R.R. v. Hall,* 284 F.2d 474, 477–78 (1st Cir.1960), *cert. denied,* 365 U.S. 817, 81 S.Ct. 698, 5 L.Ed.2d 695 (1961); *Restatement (Second) of Contracts* § 202 (1981). The clause at issue states that "this Agreement and its enforcement shall be governed by the laws of the Commonwealth of Massachusetts." We find that the choice of law clause is unambiguous and clearly states the parties' intent to apply Massachusetts law to issues of contract construction and enforcement only. Applying the basic rules of contract interpretation, we are unable to find that the parties intended the clause to apply to breach of fiduciary duty claims.

In sum, we reject the defendant's argument that articles 3537–3541 should apply to the choice of law analysis of the breach of fiduciary duty claim. Finding no specific provision for this claim among the Louisiana choice of law rules, we must fall back upon the general provision contained in article 3515, as suggested by the plaintiff.

> Article 3515 of the Louisiana Civil Code states that an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.

La. Civ.Code Ann. art. 3515 (West 1994). The objectives of Louisiana's choice of law rules are "interstate cooperation and conflict avoidance," art. 3515 comment (b), and the choice of law process should focus on issues as to which an actual conflict exists, art. 3515 comment (d); *Oliver v. Davis,* 679 So.2d 462, 467 (La.Ct.App.), *writ denied,* 682 So.2d 773 (1996).

Here, a Louisiana plaintiff and a Massachusetts defendant each argues that its respective state law controls the breach of fiduciary duty claim. Thomas argues that the laws of the two states are not in conflict and that, therefore, we may rely upon the law of the forum state. Fidelity counters that the contract was performed, and the alleged harm occurred, in Massachusetts. Defendant also asserts that it is a national brokerage house with the reasonable expectation that the laws of only one state will apply to

its transactions and that the court should honor this expectation.

Without an actual conflict in the substantive law governing a fiduciary's duty of loyalty, we cannot say that Massachusetts' interests would be harmed by the application of Louisiana law. In this case, we agree with the plaintiff that the laws of Massachusetts and of Louisiana in regard to a fiduciary's duty of loyalty are substantially similar. *Compare Jerlyn Yacht Sales, Inc. v. Wayne R. Roman Yacht Brokerage,* 950 F.2d 60, 67 (1st Cir.1991) ("That an agent breaches his fiduciary duty to his principal by earning a 'secret profit' or commission is a rule well established in Massachusetts."), *Chelsea Indust. Inc. v. Gaffney,* 389 Mass. 1, 449 N.E.2d 320, 326–27 (1983), *Raymond v. Davies,* 293 Mass. 117, 199 N.E. 321, 323 (1936), *Gagnon v. Coombs,* 39 Mass.App.Ct. 144, 654 N.E.2d 54, 62, *cert. denied,* 421 Mass. 1106, 657 N.E.2d 1272 (1995) ("[S]elf-dealing by an agent, in the absence ... of distinct authority from the principal expressly granted in the empowering instrument, has been continuously and uniformly denounced as one of the most profound breaches of fiduciary duty, irrespective of the agent's good faith and however indirect or circuitous the accomplishment of the benefit to the agent."), and *Restatement (Second) of Agency* § 388 (1958), *with* La.Civ.Code Ann. arts. 3004, 3005 (West 1994), *C & B Sales & Serv., Inc. v. McDonald,* 95 F.3d 1308, 1313–1314 (5th Cir.1996) ("Agency law in Louisiana requires mandatories ... to disgorge all undisclosed benefits that they receive in dealing secretly with either their employers/principals or their employers' competitors."), *Texana Oil & Refining Co. v. Belchic,* 150 La. 88, 90 So. 522, 527 (1922) (" 'The agent is not entitled to avail himself of any advantage that his position may give him to profit beyond the agreed compensation for his service.... He will be required to account to his employer for any gift, gratuity, or benefit received by him in violation of his duty, or any interest acquired adverse to his principal without full disclosure, though it does not appear that the principal has suffered any actual loss by fraud or otherwise.' " (quoting 21 *Ruling Case Law* § 10 (William M. McKinney &

Burdett A. Rich, eds.) (1918))),[7] *Clement v. South Atlantic S.S. Line,* 128 La. 399, 54 So. 920, 921 (1911) (applying article 3005 to find that an agent "is bound to restore the money received as rebates or refunds"), *ODECO Oil & Gas Co. v. Nunez,* 532 So.2d 453, 462 (La.Ct.App.), *writ denied,* 535 So.2d 745 (1989), and *Foreman v. Pelican Stores,* 21 So.2d 64, 69 (La.Ct.App.1944). A careful review of the relevant authorities convinces us that there is no actual conflict in the laws governing fiduciary duties in Massachusetts and Louisiana.

We have already determined that the choice of law clause in the contract adopted Massachusetts law for a limited range of disputes and, therefore, we reject Fidelity's contention that it did not expect to be subject to the law of more than one state. Thus, the defendant's arguments that Massachusetts' policies would be harmed by the application of Louisiana law in this case fails. We conclude that Louisiana law governs the breach of fiduciary duty issue.

### B. *Attorney fee provisions*

Having determined that Massachusetts law controls the breach of contract claim and that Louisiana law controls the breach of fiduciary duty claim, we now must look to whether either cause of action provides for mandatory attorney fee awards to prevailing parties.

#### 1. *Breach of contract claim*

Massachusetts courts have long held that "attorney's fees are not recoverable in this Commonwealth without statutory authorization." *Schultz v. Subaru of Am., Inc.,* 407 Mass. 1004, 553 N.E.2d 893, 893 (1990); *see also Bournewood Hosp., Inc. v. Massachusetts Comm'n Against Discrimination,* 371 Mass. 303, 358 N.E.2d 235, 240–41 (1976) (discussing four limited exceptions to the general rule against awarding attorney fees in the absence of statutory authorization); *Restatement (Second) of Contracts* § 356(d) (1981). Although a statute provides for attorney fee awards in actions involving unfair business practices, see Mass. Gen. Laws Ann. ch. 93A, §§ 9, 11 (West, WESTLAW through 1997 1st Annual Sess.), attorney fees may not be awarded to a party prevailing on a breach of contract claim. *Rodrigues v. Barboza Ford World,* 1995 WL 495979 (Mass.Ct.App.1995); *Worldwide Commodities, Inc. v. J. Amicone Co., Inc.,* 36 Mass. App.Ct. 304, 630 N.E.2d 615, 616 (1994).

Fidelity did not argue that attorney fees were authorized under the substantive claim asserted. Rather, the defendant analogizes this putative class action case to a shareholder derivative suit. Massachusetts allows attorney fee awards in derivative suits based on the theory that

> an expense incurred by one, resulting in the creation of a fund for the general benefit of many other persons, ought not to be borne entirely by the one whose action has resulted in the realization of such a fund, and that it is equitable that a part of the expense should be paid out of the fund.

*Shaw v. Harding,* 306 Mass. 441, 28 N.E.2d 469, 474 (1940). While the excerpted quote appears to create an entitlement to attorney fees, the Massachusetts Supreme Court later held, in cases cited by the defendant, that a fee award made pursuant to this theory is "discretionary and not a matter of strict right." *Commissioner of Ins. v. Massachusetts Accident Co.,* 318 Mass. 238, 61 N.E.2d 137, 140 (1945); *see also Martin v. F.S. Payne Co.,* 409 Mass. 753, 569 N.E.2d 808, 812 (1991); *Coggins v. New England Patriots Football Club, Inc.,* 406 Mass. 666, 550

---

7. The Louisiana Supreme Court quoted from *Ruling Case Law,* a work which has long since ceased publication. This secondary source discussed basic legal principles derived from the following primary sources: Lawyers Reports Annotated, American Decisions, American Reports, American State Reports, American and English Annotated Cases, American Annotated Cases, English Ruling Cases, British Ruling Cases, United States Supreme Court Reports. This court found it interesting to discover that the Louisiana Supreme Court had turned to a common law treatise. Curiosity led to the further discovery that the quoted section of *Ruling Case Law* cited cases from both common law and civil law jurisdictions. *See* 21 *Ruling Case Law* § 10 n. 8 (William M. McKinney & Burdett A. Rich, eds.) (1918) (citing, among others, *American Circular Loom, Co. v. Wilson,* 198 Mass. 182, 84 N.E. 133 (1908); *Braden v. Louisiana State Ins. Co.,* 1 La. 220 (1830)).

N.E.2d 141, 143 (1990). Even if we were to accept the defendant's analogy, we find that Massachusetts law clearly does not provide for mandatory recovery of attorney fees in shareholder derivative suits.

We conclude that Massachusetts law does not create an entitlement to attorney fees in breach of contract cases. Thus, we hold that any attorney fees that may be recovered pursuant to Thomas' breach of contract claim are not includible in the amount in controversy.

### 2. Breach of fiduciary duty claim

■ It is well settled in Louisiana that a prevailing litigant may not recover his attorney fees unless provided for by contract or statute. *General Motors Acceptance Corp. v. Meyers*, 385 So.2d 245, 247 (La.1980) (citing *Hernandez v. Harson*, 237 La. 389, 111 So.2d 320 (1959)); *Guinn v. Rapides Parish Police Jury*, 649 So.2d 1148, 1151 (La.Ct.App.1995) (finding no statutory authority to support an attorney fee award against a municipality for its breach of a drainage improvement contract); *Rivnor Properties v. Herbert O'Donnell, Inc.*, 633 So.2d 735, 749 (La.Ct.App.), *writ denied*, 643 So.2d 147 (1994) (finding no statutory authority for assessing attorney fees against a subcontractor who had been found liable in tort for structural deficiencies in a building).

In the instant case, neither party claims that the contract provided for attorney fees, nor has anyone identified a particular statute that would entitle the plaintiff to attorney fees should he prevail on the breach of fiduciary duty claim. The court's own research has also failed to uncover statutory authority for attorney fees in breach of fiduciary duty suits. Accordingly, we hold that any potential attorney fees that may be recovered in connection with this claim are not includible in the amount in controversy.

### C. Relevance of article 595

■ In our 25 March 1997 ruling, we joined the growing number of Louisiana courts finding that application of article 595 of the Louisiana Code of Civil Procedure[8] does not provide a sufficient basis for including potential attorney fees in the amount in controversy. *See, e.g., In re Gas Water Heater Prod. Liability Litigation*, No. 97–121, 1997 WL 356520, at *4–5 (La.Ct.App. June 30, 1997) ("LSA–C.C.P. art. 595 is discretionary; it does not require the court to award attorneys' fees, nor does it make attorneys' fees a statutory or legal element of damages in a class action when the underlying cause of action does not otherwise provide for attorneys' fees as a statutory element of damages."). In its supplemental brief, the defendant claims that it could find no reported cases in which the prevailing plaintiff in a Louisiana class action lawsuit was not awarded attorney fees. The defendant's claim may be accurate, but the Louisiana State Legislature clearly employed the word "may" in drafting article 595. We note that the legislature specifically dictated that, for purposes of statutory interpretation, "[t]he word 'shall' is mandatory and the word 'may' is permissive." La.Rev.Stat. Ann. § 1:3 (West 1987). Thus, we find the defendant's observation irrelevant and affirm our earlier finding that article 595 does not require attorney fees to be added to the amount in controversy in a class action suit.

### IV. CONCLUSION

We find that a prevailing party in this case would not be entitled to attorney fees on the breach of contract claim nor on the breach of fiduciary duty claim. We cannot, therefore, include potential attorney fees in the amount in controversy. We wish to emphasize that in reaching our conclusion we did not consider, and express no opinion on, plaintiff's creative contention that a prayer for attorney fees out of the common fund sufficiently limits the amount in controversy.

Determining that the defendant failed to show by a preponderance of the evidence that the amount in controversy exceeds $50,-

---

**8.** Article 595 provides that

The court may allow the representative parties their reasonable expenses of litigation, including attorney's fees, when as a result of the class action a fund is made available or a recovery or compromise is had which is beneficial, to the class.

La.Code Civ. P. art. 595 (West 1960).

000, the court holds that it lacks subject matter jurisdiction over this case. The matter is remanded to the Tenth Judicial District Court for the Parish of Natchitoches, Louisiana.