SAMUEL, Judge.
This is an appeal by the plaintiffs from a judgment of the First City Court for the City of New Orleans maintaining an exception to the jurisdiction of that court over the subject matter and dismissing plaintiffs’ suit.
The three plaintiffs joined in the one suit. The petition alleges they were tenants of separate apartments in premises located in the City of New Orleans; the two defendants were the owners and lessors of the premises; 'and the defendants, without prior notice to plaintiffs, wrongfully evicted the latter from the premises and commenced to demolish the buildings. Each plaintiff prays for damages in the amount of $500 so that the total aggregate amount sought by all three plaintiffs is $1,500.
Article 7, Section 91 of our Constitution (LSA-Const. Art. 7, § 91) provides in pertinent part that the First City Court for the City of New Orleans “* * * has concurrent jurisdiction with the civil district court for the parish of Orleans in all cases except divorce, alimony, titles to real estate and probate matters, when the amount in dispute or fund to be distributed exceeds one hundred dollars but does not exceed one thousand dollars, exclusive of interest, attorney fees, and penalties, * * * ” (emphasis ours). Thus the sole question before us is whether the jurisdictional amount of plaintiffs’ suit is the aggregate of the cumulated demands, in which case the amount would be $1,500 and beyond the jurisdictional limit set by the constitution, or the amount of the claim of each plaintiff, $500, which is within the jurisdiction of the First City Court.
Our jurisprudence, all prior to the adoption of the present Code of Civil Procedure, is confusing. Among the numerous cases can be found some holding that the' jurisdictional amount of a suit in which several actions are cumulated'in the same suit is the aggregate of the cumulated actions, while some apply the contrary rule. See Comment (b) under LSA-C.C.P. Art. 462. We *751 believe the correct conclusion under the jurisprudence referred to is that when the claims of separate plaintiffs were cumu-lated in one suit and those claims were not dependent upon the other and each involving separate damage (i. e., where each plaintiff had a separate and distinct right of action in which his co-plaintiffs had no interest other than for purposes of joinder as parties plaintiff), as is the case here, the jurisdictional amount involved was not the aggregate of the cumulated claims; it was the amount of the claim of each plaintiff. Parker v. T. Smith & Son, 222 La. 1061, 64 So.2d 432; State ex rel. Langlois v. Lancaster, 218 La. 1052, 51 So.2d 622; Hotard v. Perilloux, 160 La. 752, 107 So. 515; Alessi v. Town of Independence, 142 La. 338, 76 So. 792; Lopez v. Bertel, La.App., 198 So. 185; Shreveport Laundries v. Red Iron Drilling Co., La.App., 192 So. 895.
However, we find it unnecessary to consider our jurisprudence prior to the adoption of the present Code of Civil Procedure. For we are of the opinion that Article 463(2) of that code is now controlling. We note: (1) Code of Civil Procedure Article 462(1) which article has reference to the cumulation of two or more actions by a plaintiff against the same defendant, contains the same language as Article 463 (2); and (2) our attention has not been called to any case, and we know of none, which passes upon the point here involved since the effective date of the Code of Civil Procedure.
The pertinent portion of Code of Civil Procedure Article 463 provides:
“Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
* * *
(2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; * * *.” LSA-C.C.P. Art. 463(2).
In the instant case the maximum jurisdictional limit of the trial court is $1,000. And, as the claim of each plaintiff is $500, this case clearly comes within the wording of Article 463(2) ; each of the actions cu-mulated is within the jurisdiction of the trial court and that court does have jurisdiction.
For the reasons assigned, the judgment appealed from is annulled and reversed, the exception to the jurisdiction is overruled, and the matter is remanded to the First City Court for the City of New Orleans for further proceedings according to law; costs in this court to be paid by the defendants-appellees, all other costs to await a final determination
Reversed and remanded.