J.I. LeBLANC, et al.

v.

The KANSAS CITY SOUTHERN RAILWAY COMPANY.

Civ. A. No. 89–840–B.

United States District Court, M.D. Louisiana.

June 27, 1990.

C. Jerome D'Aquila, New Roads, La., for plaintiffs.

Arthur R. Carmody, Jr., Wilkinson, Carmody & Gilliam, Shreveport, La., for defendant.

RULING ON PLAINTIFFS' MOTION TO REMAND

POLOZOLA, District Judge.

Plaintiffs [1] filed this suit against Kansas City Southern Railway Co. (Kansas City) in the 18th Judicial District Court in Pointe Coupee Parish on October 20, 1989 [2] seek-

---

1. The plaintiffs in this matter are: J.I. LeBlanc, Connie LeBlanc, Mark LeBlanc individually and as administrator of the estate of his minor children, Mickey LeBlanc, Jody LeBlanc, Deborah LeBlanc, Cynthia Cannon individually and as administrator of the estate of her minor child,

John Cannon, III, Murphy Oubre, Rita Oubre, Jeannette D. Robillard.

2. Had this case remained in federal court, the Court would have required each of the plaintiffs

ing to recover damages for fear, emotional and mental distress, inconvenience and loss of earnings which they allegedly sustained when a train owned and operated by defendant derailed causing leaks and spills of materials contained therein. Kansas City timely removed the suit to this court based on diversity jurisdiction.[3] Plaintiffs have now filed a motion to remand the suit back to state court on the ground the requisite jurisdictional amount required by 28 U.S.C. § 1332 is lacking.

The Court heard oral argument on this motion on March 16, 1990 and the parties were given until May 11, 1990 to complete discovery on the issue of the amount in controversy. The Court also gave the parties until May 25, 1990 to file supplemental briefs. The defendant has not filed a supplemental brief to support its contention that jurisdiction is proper in this court. After reviewing the record, the Court finds that plaintiffs' motion to remand should be granted.

This suit was filed after the jurisdictional amount requirement for diversity jurisdiction was increased from $10,000.00 to $50,-000. Thus, in order to maintain this suit in federal court, defendant, as the removing party, bears the burden of proving that (1) complete diversity exists between the parties; and, (2) over $50,000 is in controversy.[4] Since Kansas City is a citizen of Missouri and the plaintiffs are all citizens of Louisiana, complete diversity does exist between the parties. Thus, the only issue before the Court is whether the requisite amount in controversy exists.

The plaintiffs have each submitted affidavits stating that they sustained no physical injuries but only mental distress and inconvenience, etc. Mark LeBlanc and Deborah LeBlanc also claim that they lost earnings of $150.00 and $100.00, respective-

ly. Therefore, the bulk of each damage claim is for mental anguish and inconvenience. In considering these damages, and the evidence before the Court, the Court concludes that each plaintiff could not have individually sustained over $50,000.00 in damages. Each plaintiff has a separate and distinct demand for the damages they individually sustained which cannot be aggregated to satisfy the jurisdictional amount requirement in 28 U.S.C. § 1332.[5]

In remanding the case back to state court based on the evidence submitted, the Court considers that the plaintiffs have made a binding judicial admission that each has waived any claim to damages in excess of $50,000. This judicial admissions forms a basis for the Court's decision to remand the case. Any attempt on the part of the plaintiffs to recover any amount in excess of $50,000.00 shall constitute a fraud on this Court and shall result in sanctions being imposed on the parties and counsel in the form of criminal contempt of court and such other criminal violations as may be applicable. Counsel for plaintiff shall also be subject to disciplinary proceedings which could result in disbarment or suspension from practicing law in this court.

Therefore:

IT IS ORDERED that the plaintiffs' motion to remand is hereby GRANTED and this suit is remanded to the 18th Judicial Court for the Parish of Pointe Coupee.

Judgment shall be entered accordingly.

---

to file a separate suit and pay a separate filing fee.

**3.** 28 U.S.C. § 1332.

**4.** *Gibbs v. Buck,* 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939); *Laughlin v. Prudential Ins. Co.,* 882 F.2d 187 (5th Cir.1989); *Willy v. Coastal Corp.,* 855 F.2d 1160 (5th Cir.1988); *B, Inc. v. Miller Brewing Co.,* 663 F.2d 545 (5th Cir.1981).

**5.** *Zahn v. International Paper,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973); *Snyder v. Harris,* 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969); *Diefenthal v. C.A.B.,* 681 F.2d 1039 (5th Cir.1982); *Eagle Star Insurance Co. v. Maltes,* 313 F.2d 778 (5th Cir.1963); *Carpenter v. Illinois Central Gulf Railroad Co.,* 524 F.Supp. 249 (M.D.La.1981).