**ACE PEST CONTROL COMPANY,**

v.

**KMART CORPORATION.**

No. CIV. A. 97-2772.

United States District Court,
E.D. Louisiana.

Oct. 29, 1997.

---

Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA, for plaintiff.

Ewell E. Eagan, Jr., Donna Phillips Currault, Gordon, Arata, McCollam & Duplantis, LLP, New Orleans, LA, Dirk M. Schenkkan, Howard, Rice, et al., San Francisco, CA, Deborah L. Miela, Kmart Corp. Trade Regulation Counsel, Troy, MI, for defendant.

PORTEOUS, District Judge.

This cause came for hearing this day upon the motion of plaintiff, Ace Pest Control Company, to remand to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. Oral argument was waived and the matter was taken under advisement on the briefs.

The Court having studied the legal memoranda submitted by the parties is now fully advised in the premises and ready to rule.

### *REASONS*

#### I. *BACKGROUND*

Plaintiff, Ace Pest Control Company ("Ace"), filed the instant class action lawsuit claiming damages relating to the purchase of automotive parts and services from the defendant, Kmart Corporation ("Kmart"), pursuant to a fleet contract. Ace contends the parts and services were either not provided, sold to plaintiff in excess of contractual prices or charged more than was actually provided on plaintiff's vehicles.

Defendant timely removed this action on September 5th, 1997 claiming diversity jurisdiction. Thereafter, plaintiff filed this Motion to Remand alleging the amount in controversy does not exceed $75,000.

## II. *LEGAL ANALYSIS*

 In this particular case, jurisdiction is asserted based upon diversity of citizenship. 28 U.S.C. § 1332. The removing party bears the burden of establishing that federal jurisdiction exists. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995). Further, "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Id.*

 "When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [the jurisdictional amount]." *De Aguilar,* 47 F.3d at 1409, *quoting De Aguilar v. Boeing Co. ("De Aguilar I"),* 11 F.3d 55, 58 (5th Cir.1993). However, the Fifth Circuit stated that the preponderance burden forces the defendant to do more than point to state law that might allow the plaintiff to recover more than what is pled. *Id.*

 Jurisdictional facts that support removal must be judged at the time of removal. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995). Any evidence submitted after the complaint has been filed is allowable only if relevant to the time of removal. *Asociacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.,* 988 F.2d 559 (5th Cir.1993), *cert. denied,* 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994); *De Agui-*

lar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995).

Plaintiff's petition stipulates the following, "... whose damages do not exceed the sum of $75,000."[1] However, defendant contends that because plaintiff invoked the Louisiana class action provisions which allow for an award of "... reasonable expenses of litigation, including attorneys' fees ..."[2] and prayed for "all costs of these proceedings," the amount in controversy exceeds $75,000. Defendant further argues plaintiff has attempted to avoid federal jurisdiction by alleging in bad faith his claim does not exceed the jurisdictional amount.

 In a class action, the compensatory awards of each plaintiff are not aggregated to meet the requisite jurisdictional amount for federal diversity jurisdiction. *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). If one plaintiff's award reaches the necessary amount, then a court may exercise supplemental jurisdiction over the remaining plaintiffs, regardless of their amount in damages. *In re Abbott Laboratories,* 51 F.3d 524, 529 (5th Cir.1995).

 Under Louisiana law, the representatives of a class action may, at the judge's discretion, recover the cost of litigation (which includes reasonable attorneys' fees). *See* Footnote 1, *supra.* The Fifth Circuit said in *In re Abbott Laboratories,* 51 F.3d 524, 527 (5th Cir.1995), that attorneys' fees may properly be added to the amount of damages that the named plaintiff may recover to meet the required amount in controversy for federal jurisdiction. However, *Abbott* involved not only La.C.C.P. art. 595, but also a claim pursuant to La.R.S. 51:137. Louisiana Revised Statute 51:137 provides that a successful plaintiff would recover "reasonable attorneys' fees" as part of his/her damages.[3]

---

1. Plaintiff further pleads the following,

 "... for all damages to which they are entitled based upon the facts to be proven at trial on the merits herein, and according to all theories specifically pled herein as determined by the Court as factfinder, and for all costs of these proceedings." *See* Plaintiff's Petition, paragraph 11.

2. La.C.C.P. art. 595 provides in pertinent part:

"The court may allow the representative parties their reasonable expenses of litigation, including attorney's fees, when as a result of the class action a fund is made available, or a recovery or compromise is had which is beneficial to the class."

3. La.R.S. 51:137 provides:

"Any person who is injured in his business or property by any person by reason of any act or thing forbidden by this Part may sue in any

The Fifth Circuit considered La.R.S. 51:137 "key" in its decision to include attorneys' fees when determining the jurisdictional amount. *Abbott*, 51 F.3d at 526.

Ace maintains that it has not asserted a separate claim for attorneys' fees so as to be included in the amount in controversy. It argues the recent Louisiana Fifth Circuit case of *In re Gas Water Heater Products Liability Litigation*, 97–121 (La.App. 5 Cir. 6/30/97), 697 So.2d 341 is applicable in interpreting whether art. 595 provides a separate element of damages for attorneys' fees so as to be included in a calculation of amount in controversy. It is Ace's position that art. 595 neither creates nor mandates a separate award of attorneys' fees. Thus, Ace submits that any attorneys' fees it might receive is not to be included in the amount in controversy for purposes of federal diversity jurisdiction.

■ Defendant contends *In re Gas Water Heater Products Liability Litigation*, 97–121 (La.App. 5 Cir. 6/30/97), 697 So.2d 341, is "inapposite and peripheral at best" because it involved a matter of state law, which is not at issue in the present case. *See* Defendant's Memorandum in Support, p. 9. Defendant is correct in its assertion that whether attorneys' fees are to be included in calculating the amount in controversy for purposes of determining federal diversity jurisdiction is a matter of federal law. However, the interpretation and application of La.C.C.P. 595 and whether it provides for an award of attorneys' fees separate and independent from another statute or contract is a matter of Louisiana law. Thus, this Court finds *In re Gas Water Heater* persuasive authority in interpreting La.C.C.P. art. 595.

The issue presented to the Louisiana Fifth Circuit Court of Appeal in *In re Gas Water Heater*, was whether a class action suit fell outside the jurisdictional limits of a parish court. Specifically, the court addressed whether to consider attorneys' fees (pursuant to La.C.C.P. art. 595) in the amount in dispute for purposes of parish court jurisdiction. The defendants in that case argued that art. 595 awards the attorneys' fees to the named class representatives, and that the allocation of attorneys' fees to the named or representative plaintiffs would cause their damages to exceed the requisite $50,000, giving defendants a right to a jury trial under La.C.C.P. art. 1732(1).

The Louisiana Fifth Circuit found that art. 595 does not require the court to award attorneys' fees, nor does it make attorneys' fees a statutory or legal element of damages in a class action when the underlying cause of action does not otherwise provide for attorneys' fees as a statutory element of damages. *In re Water Heater Products*, 697 So.2d at 346. Further, the Court said, "Art. 595 does not increase the defendant's potential exposure; this only occurs when attorneys' fees are a statutory or contractual element of damages awarded in addition to the plaintiff's recovery of actual damages." *Id.*

■ This Court agrees with Judge Fallon that while the statute in *Abbott* carried an award of attorneys' fees over and above an award for compensatory damages, Louisiana's class action statute carries no such extra award. *Cooper, et al. v. Koch Pipeline, Inc., et al.*, 1995 WL 931091, p. 2 (E.D.La.). Furthermore, this Court finds that *Abbott* does not require the addition of attorneys' fees to the amount in controversy in a class action brought pursuant to La.C.C.P. art. 595 where another statute does not mandate the award of attorneys' fees.[4]

In the present case, the representative plaintiff makes no demand for attorneys' fees. Article 595 does not provide for an award over and above an award for compensatory damages. Instead, it allows a judge to designate a portion of the fund to be awarded to the representative plaintiffs as attorneys' fees/litigation costs. It does not provide for a separate award of attorneys'

court of competent jurisdiction and shall recover threefold damages sustained by him, cost of suit and a reasonable attorneys' fee."

**4.** *See Greer v. Mobil Oil Corp.*, 1997 WL 180477 (E.D.La.); *Miles v. MCI Telecommunications Corp.*, 1995 WL 731669 (E.D.La.1995); *Harrison v. Union Carbide Corp.*, 1995 WL 555616 (E.D.La.1995); *Cappel v. Quick & Reilly, Inc.*, 1996 WL 684456 (E.D.La.1996); *Thomas, et al. v. Fidelity Brokerage Services, Inc.*, 977 F.Supp. 791 (W.D.La.1997).

fees as did La.R.S. 51:137. Considering the plaintiff does not claim attorneys' fees nor does he allege a claim which provides for a separate, mandatory award of attorneys' fees, the amount in controversy does not exceed the requisite jurisdictional amount. Further, this Court finds that there is nothing in the record indicating plaintiff asserted in bad faith that his claim does not exceed the jurisdictional amount.[5]

Since this Court will remand this case for lack of jurisdiction, it need not consider defendant's motion to dismiss.

Accordingly,

**IT IS ORDERED** that plaintiff, Ace Pest Control's Motion to Remand, be, and the same is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that this action be **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, # 512603, Div. "A."

---

**5.** The defendant does not dispute plaintiff's stipulation that compensatory damages do not exceed $75,000. Rather, defendants base their entire argument upon the inclusion of attorneys' fees for the purpose of determining amount in controversy.