722 So.2d 1222 (1998)
BACH INVESTMENT COMPANY
v.
Carl J. PHILIP and Carolyn M. Berard Philip.
No. 98-CA-667
Court of Appeal of Louisiana, Fifth Circuit.
December 16, 1998.
Rehearing Denied January 25, 1999.
*1223 Daniel D. Holliday, III, Michael A. Patterson Long Law Firm, L.L.P., Baton Rouge, Louisiana, for plaintiff-appellant.
Michael A. Mayhall, Caroline LaFourcade, New Orleans, Louisiana, for defendants-appellees.
Court composed of Judges CHARLES GRISBAUM, Jr., EDWARD A. DUFRESNE, Jr., and SOL GOTHARD.
GRISBAUM, Judge.
The plaintiff-appellant, Bach Investment Company, appeals the judgment of the trial court granting defendants-appellees' exception of no cause of action. We affirm.

ISSUES
The issues presented for review are:
(1) Whether the contract between the plaintiff-appellant and defendants-appellees is unlawful or against public policy, and
(2) Whether the defendants-appellees are entitled to an award of attorney's fees.

FACTS AND PROCEDURAL HISTORY
This appeal arises from a contract between the plaintiff, Bach Investment Company ("Bach"), and the defendants, Carl J. and Carolyn M. Berard Philip, which the defendants contend is for an unlawful cause and/or against public policy.
The defendants were the winners of the February 5, 1994 Louisiana State Lottery Drawing. They were approached by representatives from Bach, who proposed that the Philips sell their interests in their future Lottery prize in exchange for a lump sum cash payment and subsequent monthly annuity payments. Part of the agreement required the Philips to file a petition in bankruptcy, obtain an order dissolving The Carl Philip Family Trust, which was created for the sole purpose of receiving the annual lottery payments due to Carl and Carolyn Philip, and authorizing the Assignment of their lottery winnings from the Trust to Bach. La. R.S. 47:9025(B)(1) requires an appropriate judicial order for the assignment of a lottery prize or any portion of a lottery prize.
The defendants filed a petition in bankruptcy in the United States Bankruptcy Court for the Eastern District of Louisiana on January 29, 1997 pursuant to the agreement. Realizing they had no need for the protection of the Bankruptcy Court, approximately three months later, the Philips had their petition dismissed. The defendants refused to follow through with their agreement with Bach because they believed that the proposed transaction was illegal.
Bach filed suit in the Twenty-Fourth Judicial District for the Parish of Jefferson. The defendants filed an exception of no cause of action, which was granted by the trial judge. It is this judgment from which the plaintiff appeals. The defendants seek an award of attorney's fees and costs.

ISSUE ONELAW AND ANALYSIS
The appellant contends that the trial court erred in granting appellees' exception of no cause of action and seeks enforcement of the contract between itself and the appellees.
La. art.1966 provides that "[a]n obligation cannot exist without a lawful cause." La. Civ.Code art.1968 provides that "[t]he cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy." Thus, if a contract has as its cause or its object the violation or circumvention of a state statute, it is an absolute nullity in contravention of public order.
Here, the cause of the contract in question is unlawful and, thus, against public policy. La. R.S. 47:9025(B)(1) prohibits the assignment of a lottery prize or any portion of a lottery prize without an appropriate judicial order. See also, In re La. Lottery Corp. Grand Prize Drawing of March 21, 1992, 94-0289 (La.App. 4th Cir. 9/29/94), 643 So.2d 843. The appellant developed a scheme to circumvent this law by using the *1224 bankruptcy courts. The scheme involves the appellees filing a bankruptcy petition in bankruptcy court when they are not insolvent but have substantial wealth in an effort to obtain an order for the appellees to assign their lottery interests to the appellant. However, this scheme does not change that the cause of the contract is unlawful and, thus, that the contract is an absolute nullity. Moreover, while it is unnecessary to determine whether this also constitutes a violation of federal bankruptcy law, we note that the appellant's inappropriate use of the bankruptcy courts is also against public policy. 11 U.S.C.A. § 1101 et seq. Accordingly, we find no error in the trial court's judgment granting appellees' exception of no cause of action.

ISSUE TWOLAW AND ANALYSIS
Appellees appeal the trial court's denial of their request for attorney's fees. We agree. Attorney's fees are not recoverable unless they are provided for by statute or contract. In re Gas Water Heater Prod. Liability Litigation, 97-121 (La.App. 5th Cir. 6/30/97), 697 So.2d 341. There is no statute or contract providing for an award of attorney's fees to the appellees here. Accordingly, we cannot award any.
For the reasons assigned, we affirm the trial court's judgment. All costs of this appeal are to be assessed against the appellant.
AFFIRMED.
GOTHARD, J., concurs.
GOTHARD, J., concurring.
I concur in the opinion of this Court in this matter. Further, because I believe this appeal is frivolous, I would award sanctions and attorney fees pursuant to LSA-C.C.P. article 2164 as requested in the answer to appeal filed by appellee.