JOHNSON, J., DISSENTS WITH REASONS I iSI, respectfully, dissent from the majority opinion in this matter for the following reasons. First; although the majority relies upon Livas v. State Farm Mut. Auto. Ins. Co., 99-169 (La. App. 1 Cir. 7/17/00); 797 So.2d 694, by interpreting it holds that an insurance company may extend insurance coverage beyond that required by Louisiana law, specifically the anti-stacking statute, I view that case from a different standpoint. In Livas, the plaintiffs, Larry and Linda Livas, brought the suit individually and on behalf of their minor daughter, Quanita Livas, against their second UM insurance carrier, National General Insurance Company (“National General”). This issue on summary judgment in that matter was whether the plaintiffs could stack additional coverage under the National General policy as compensation for Quanita’s injuries sustained during an accident" in which her mother was driving the vehicle. Quani-ta was an insured under the policy as a family member of the named insureds (her parents), but she was not the owner of the vehicle she was occupying when injured. In its ruling,-the appellate court found that National General’s policy did not exclude UM coverage to Quanita and reversed the summary judgment that dismissed the plaintiffs’ UM claim. In my opinion, the finding aligned with the version of anti-stacking law that existed at the time which provided an exception for an injured party occupying a vehicle not owned by him/her. Quanita did not own the vehicle shé was occupying at the time of the accident; thus, the exception would have applied to a UM claim on her behalf. For that reason, I would not interpret Livas to support the conclusion that the limits on recovery required by the anti-stacking statute are subject to modification by thfe insurer. | ^Furthermore, and more importantly, I find that State Farm could not waive its right to deny coverage to Mr. Forvendel when the .coverage relied upon circumvents the provisions of a state statute, namely La. R.S. 22:1295(l)(c) and (e). “While it is true that persons may waive personal rights that the law has established, they cannot by their contracts violate prohibitory law or derogate from law enacted for the protection of the public interest.” Goulas v. B & B Oilfield Sevs., 10-934 (La. App. 3 Cir. 8/10/11); 69 So.3d 750, 760, citing Henderson v. Kentwood Spring Water, Inc., 583 So.2d 1227 (La. App. 1st Cir. 1991). In Bach Inv. Co. v. Philip, 98-667 (La. App. 5 Cir. 12/16/98); 722 So.2d 1222, 1223, this Court held, La. [C.C.] art. 1996 provides that “an obligation cannot exist without a lawful cause.” La. C.C. art. 1968 provides that “the cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited'by law or against public policy.” Thus, if a con'tract has as its cause or its object the violation or circumvention of a state statute, it is an 'absolute nullity in contravention of public order.” Louisiana law prohibits the stacking of UM policies for coverage for instances like the one in this case. .As properly cited in the majority opinion, “[sjtacking of UM coverage occurs when the amount available under. policy is inadequate to satisfy the damages alleged or awarded the. insured and the same insured seeks to combine or stack one coverage on top of another for the same loss covered under multiple policies or under multiple coverages contained in a single policy.” Boult v. State Farm Mut. Auto. Ins. Co., 99-0942 (La. 10/19/99); 752 So.2d 739, 742. “The issue stacking arises exclusively once it has been determined that an individual insured has two or more policies or a single policy covering multiple vehicles applying to the same loss.” Id. at 743. Here, even the majority opinion recognizes that State Farm would have the right to deny coverage to Mr. Forvendel under his mother’s UM policy based on Louisiana’s anti-stacking statute. Because of the anti-stacking statute, State Farm |1scould not legally, extend the mother’s UM policy coverage to Mr, Forvendel, under these circumstances, because it would be in derogation of the law. In my opinion, this means that State Farm could not waive, the use of the anti-stacking statute as a defense for the 2013 accident- because State Farm’s actions, e.g., extending coverage to Mr. Forvendel under his mother’s UM policy in 2007, were not based upon a lawful cause and were in contravention of the. statute. Therefore, ,1 would find that the trial court legally erred[3] in finding that Mr. Forvendel could recover under both his own and his mother’s UM insurance policies and reverse the judgment. . Questions of law, such as the proper interpretation of a statute, are reviewed under the de novo standard of reyiew. City of Gretna v. Morice, 14-301 (La. App. 5 Cir. 12/30/14); 167 So.3d 823, 827.